UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:12-cr-343-T-33AEP

JOHN D. STANTON, III
_____/

**ORDER**

This matter is before the Court pursuant to Defendant John D. Stanton, III's Motion to Dismiss the Indictment (Doc. # 18), filed on October 12, 2012, and the Government's Response in Opposition to the Motion to Dismiss the Indictment (Doc. # 25), filed on October 29, 2012. For the reasons that follow, the Court denies the Motion to Dismiss.

## I.  **Background**

On August 15, 2012, the Government charged Defendant in a thirteen-page indictment with corrupt interference with internal revenue laws pursuant to 26 U.S.C. § 7212(a) (Count I) and failure to file a tax return pursuant to 26 U.S.C. § 7203 (Counts II through VIII). (Doc. # 1).

The indictment states that during the relevant period of time, Defendant controlled Denouement Strategies, Inc., and was also the president of Florida Engineered Construction Products Corporation (FECP). (Id. at 1). The indictment charges that Defendant failed to file income tax returns for

Denouement Strategies in 2006 (Count II) and 2007 (Count III); failed to file income tax returns on behalf of FECP for 2005 (Count IV), 2006 (Count V), and 2007 (Count VI); and failed to file his personal income tax returns for 2005 (Count VII) and 2007 (Count VIII). (Id. at 8-13).

The indictment charges in Count I that Defendant, "Beginning from at least on or about July 15, 2004 and continuing thereafter through in or about November 2008," aided and abetted by others, "did corruptly endeavor to obstruct and impede the due administration of the internal revenue laws of the United States with respect to the ascertainment, computation, assessment, and collection of federal taxes . . . ." (Id. at 2). Count I lists seven means by which Defendant is alleged to have corruptly interfered with internal revenue laws. (Id. at 2-3). Two of the seven means listed include failing to file tax returns. (Id.). Count I also lists seven acts Defendant allegedly caused to occur in furthering his "endeavor to corruptly interfere with, obstruct, and impede the due administration of the internal revenue laws . . . ." (Id. at 3). The first of those seven enumerated acts is the failure to file corporate tax returns.(Id.).

Defendant moves to dismiss the indictment on the grounds

that Defendant is exposed to double jeopardy and that Counts II through VIII contain some  multiplicitous allegations. (Doc. # 18). The Court addresses each argument below.

## II.  Analysis

### A.  Multiplicity

Counts II through VIII, which are all brought pursuant to 26 U.S.C. § 7203, are not multiplicitous. An indictment is multiplicitous when "it charges a single offense in more than one count." United States v. Williams, 527 F.3d 1235, 1241 (11th Cir. 2008)(citing Ward v. United States, 694 F.2d 654, 660-61 (11th Cir. 1983)). Of course, such an indictment "violates the principles of double jeopardy because it gives the jury numerous opportunities to convict the defendant for the same offense." Id. Because the issues of multiplicity and double jeopardy are so interconnected, the "same elements" double jeopardy test created in Blockburger v. United States, 284 U.S. 299 (1932), is used to analyze both issues. Williams, 527 F.3d 1235 at 1241.  The Blockburger test is specifically concerned with *elements* of a crime, and inquires "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." Dixon, 509 U.S. at 696 (quoting U.S. Const. amend. V). When determining

-3-

multiplicity, the Court asks whether a count requires an element of *proof* that the other counts do not require. <u>Williams</u>, 527 F.3d 1235 at 1241.

A defendant can only be found guilty of a violation of 26 U.S.C. § 7203 if "(1) the Defendant was required by law or regulation to file an income-tax return for the taxable year charged; (2) the Defendant failed to file a return when required by law; and (3) [a]t the time the Defendant failed to file the return, he knew he was required by law to file a return." <u>Eleventh Circuit Pattern Jury Instructions</u>, Criminal, Offense No. 108 (2010). However, the specific elements of proof required to meet the elements of the crime vary depending on the specific charge; they are outlined below.

### 1. **Counts IV and VII**

Counts IV and VII are not multiplicitous because they each require an element of proof that the other does not. Count IV concerns Defendant's alleged failure to file a corporate tax return on behalf of FECP for 2005. (Doc. #1 at 9-10). Thus, it requires proof that Defendant was a corporate officer of FECP, that he had an obligation to make a corporate income tax return (IRS Form 1120) for 2005 before the deadline of March 15, that he failed to file such a return, and that when he failed to file the return for 2005, he knew he was

-4-

required by law to file it. (Doc. # 25 at 5).

On the other hand, Count VII concerns Defendant's alleged failure to file an individual income tax return for 2005. (Doc. #1 at 11-12). Unlike Count IV, it requires no proof that Defendant was a corporate officer and it does not require Defendant to have a obligation to file a corporate tax return for 2005. What Count VII instead requires is proof that Defendant earned income in excess of the minimum threshold, that he had a legal obligation to file an individual income tax return (IRS Form 1040) for 2005 by April 15, that he failed to file such a return, and that when he failed to file the return for 2005, he knew he was required by law to file it. (Id.).

Count IV and Count VII address different kinds of income tax returns, and so require different elements of proof. Because each count requires an element of proof that the other count does not require, they do not address the same offense, and are not multiplicitous. See Williams, 527 F.3d at 1241.

### 2. **Counts II, V, and VIII**

Much of the multiplicity analysis for Counts IV and VII also applies to Counts II, V, and VIII. Like the last grouping, Counts II, V, and VIII each involve Defendant's alleged obligation to file a specific tax return for a

-5-

specific year. Count II concerns Defendant's alleged duty to
file a corporate tax return for Denouement Strategies for
2006; Count V involves Defendant's alleged duty to file a
corporate tax return for FECP for 2006; and Count VIII deals
with Defendant's alleged duty to file an individual income tax
return for the 2007 tax year. (Doc. #1 at 8, 10, 12-13).

The elements of proof required by Counts II and V are
very similar (since they both involve filing a corporate tax
return for the 2006 tax year), but they each require elements
of proof that the other does not. Count II requires proof that
Defendant was a corporate officer of *Denouement Strategies* and
that he had an obligation to make a corporate income tax
return for *Denouement Strategies* (IRS Form 1120) for 2006
before the deadline of March 15. (Doc. # 25 at 7). On the
other hand, Count V requires proof that Defendant was a
corporate officer of *FECP* and that he had an obligation to
make a corporate income tax return for *FECP* (IRS Form 1120)
for 2006 before the deadline of March 15. (Id.). Because the
corporate entities involved in Counts II and V are different,
so too are the required elements of proof.

Count VIII certainly requires several elements of proof
Counts II and V do not. Not only does it concern Defendant's
alleged failure to make an individual tax return, as opposed

-6-

to the corporate returns required by the other two counts, but it also concerns an entirely different tax year. Count VIII requires proof that Defendant earned income in excess of the minimum threshold, had a legal obligation to file an individual income tax return (IRS Form 1040) for 2007 by April 15, that he failed to file such a return, and that when he failed to file the return for 2007, he knew he was required by law to file it. (Id. at 8).

Once again, because each count requires a element of proof that the other counts do not require, they do not involve the same offense, and, thus, are not multiplicitous. See Williams, 527 F.3d at 1241.

### 3. **Counts III and VI**

Finally, Count III addresses Defendant's alleged failure to file a corporate income tax return for Denouement Strategies for the 2007 tax year; Count VI addresses his alleged failure to file a corporate income tax return for FECP for the 2007 tax year. (Doc. #1 at 8-9, 11).

Both counts require proof that Defendant failed to file a corporate tax return for 2007, and that when he failed to do so, he knew of his legal obligation to file. However, Count III requires proof that Defendant was a corporate officer of *Denouement Strategies* and that he had an obligation to make a

corporate income tax return for *Denouement Strategies* for 2007; on the other hand, Count VI requires proof that Defendant was a corporate officer of *FECP* and that he had an obligation to make a corporate income tax return for *FECP* for 2007. (Doc. # 25 at 9).

Counts III and VI discuss Defendant's legal duties to two different corporate entities and therefore require different elements of proof. Because the counts require different elements of proof, they address separate offenses, and are not multiplicitous. See <u>Williams</u>, 527 F.3d at 1241.

## B. **Double Jeopardy**

Neither Counts II through VIII nor Count I expose the Defendant to double jeopardy. At its core, the Double Jeopardy Clause of the Constitution forbids the "duplicative prosecution of a defendant for the 'same offense.'" <u>United States v. Felix</u>, 503 U.S. 378, 385 (1992) (quoting U.S. Const. amend. V). Like issues of multiplicity, issues of double jeopardy are analyzed under the <u>Blockburger</u> "same-elements" test. <u>Williams</u>, 527 F.3d at 1240. The Eleventh Circuit has further held that "when comparing charges under different statutory provisions . . . we examine only the elements themselves; if an offense requires proof of an element that the other offense does not, we need look no further in

-8-

determining that the prosecution of both offenses does not offend the Fifth Amendment." <u>United States v. Hassoun</u>, 476 F.3d 1181, 1186 (11th Cir. 2007). <u>See also</u> <u>Williams</u>, 527 F.3d at 1240.

### 1. Counts II Through VIII

Defendant argues that "not only are the groups of counts, as separated by tax year, multiplicitous, the manner in which they are charged also exposes the Defendant to multiple convictions and punishment for the same alleged acts." (Doc. # 18 at 5). As discussed above, Counts II through VIII are not multiplicitous, but allege separate violations of 26 U.S.C. § 7203. Accordingly, the Court finds that they do not expose the Defendant to a threat of double jeopardy.

### 2. <u>Count I</u>

Defendant also argues that he is exposed to a threat of double jeopardy because it would be possible for the jury to find Defendant guilty of "Counts Three through Six, and then to transfer those same acts to Count One." (Doc. # 18 at 6). According to the Defendant, such a transference would expose "the Defendant to multiple convictions and punishment for the same alleged acts." (Id.).

Again, applying the <u>Blockburger</u> test, the Court asks whether each offense contains an element not contained in the

-9-

other. <u>Dixon</u>, 509 U.S. at 696. According to the <u>Eleventh Circuit Pattern Jury Instructions</u>, the elements required to prove Count I pursuant to 26 U.S.C. § 7212(a) are "(1) the Defendant knowingly tried to obstruct or impede the due administration of the Internal Revenue laws; and (2) the Defendant did so [corruptly] [forcibly]." Eleventh Circuit Pattern Jury Instructions, Criminal, Offense No. 111 (2010). The elements required to prove Counts II through VIII pursuant to 26 U.S.C. § 7203 are "(1) the Defendant was required by law or regulation to file an income-tax return for the taxable year charged; (2) the Defendant failed to file a return when required by law; and (3) [a]t the time the Defendant failed to file the return, he knew he was required by law to file a return." <u>Eleventh Circuit Pattern Jury Instructions</u>, Criminal, Offense No. 108 (2010).

     As the Government points out, not only does each offense contain *an* element not contained in the other offense, but in this case, there are *no* overlapping elements at all. Application of the <u>Blockburger</u> test shows that the offense alleged in Count I is distinct from the offenses alleged in Counts II through VIII, and therefore Count I does not expose Defendant to the risk of double jeopardy. See <u>Dixon</u>, 509 U.S. at 696.

-10-

In conclusion, and upon due consideration, the Court finds that Counts II through VIII do not make multiplicitous allegations and Defendant is not exposed double jeopardy; thus, the Court denies Defendant's Motion to Dismiss the Indictment.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant John D. Stanton, III's Motion to Dismiss (Doc. # 18) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 20th day of November 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

-11-